1

2

3          **UNITED STATES DISTRICT COURT**

4          **NORTHERN DISTRICT OF CALIFORNIA**

5          **SAN JOSE DIVISION**

6

7    JEREMY WITT,                                    Case No.  5:25-cv-02776-BLF

8              Plaintiff,

9        v.                                          **ORDER GRANTING DEFENDANTS'**
                                                     **SPECIAL MOTION TO STRIKE**
10   PATRICK ROSS, et al.,                           **PLAINTIFF'S FIRST AMENDED**
                                                     **COMPLAINT**
11             Defendants.                           [Re:  ECF Nos. 48, 72]

12

13          This case arises from Defendant Patrick Ross and his attorney Defendant Margaret Trask

14   having cross-filed a motion for a temporary restraining order ("TRO") against Plaintiff Jeremy

15   Witt in state court civil harassment proceedings initiated by Plaintiff against Defendants.

16   Plaintiff's first amended complaint, ECF No. 11 ("FAC"), alleges that Defendants purposefully

17   filed that allegedly meritless cross-motion for a TRO for the sole purpose of harming Plaintiff and

18   states causes of action under California law for (1) malicious prosecution, (2) intentional infliction

19   of emotional distress ("IIED"), and (3) abuse of process.

20          Defendants have filed a special motion to strike the three claims under California Code of

21   Civil Procedure Section 425.16 (the "anti–SLAPP statute"),[1] and alternatively, a motion to dismiss

22   the three claims under Federal Rule of Civil Procedure 12(b)(6).  ECF Nos. 48, 49 ("Mot."); *see*

23   *also* ECF No. 72.  The Parties filed opposition, reply, and sur-reply briefs.  *See* ECF No. 58

24   ("Opp."); ECF No. 64 ("Reply"); ECF No. 73 ("Sur-Reply").  The Court finds that the motion is

25   suitable for resolution without oral argument and VACATES the hearing scheduled for

26

27   ───────────────
     [1] "Anti–SLAPP" stands for "Anti–Strategic Lawsuit Against Public Participation."  The purpose
28   of this statute is "to protect individuals from meritless, harassing lawsuits whose purpose is to chill
     protected expression."  *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 838 n.7 (9th Cir. 2001).

United States District Court
Northern District of California

1    November 6, 2025.  *See* Civ. L.R. 7-1(b).

2            For the reasons below, the Court GRANTS the special motion to strike.

3    **I.    BACKGROUND**

4            Defendants are Mr. Ross and his attorney Ms. Trask,[2] who in 2023 filed the cross-request

5    for a TRO that underlies Plaintiff's claims after Plaintiff filed a civil harassment action in state

6    court against Mr. Ross, his family, and a family friend under California Code of Civil Procedure

7    section 527.6.  FAC ¶ 8.  The FAC generally alleges that Defendants filed the cross-request for a

8    TRO to retaliate against Plaintiff for having brought his civil harassment action and that said

9    cross-request knowingly and falsely accused Plaintiff of criminal activities that he did not commit.

10           The FAC alleges that Defendants signed and filed a "false and retaliatory" cross-request

11   for a TRO that "falsely alleged that [Plaintiff] harassed [Defendant] by checking Box 8 on his

12   TRO requesting protection."  *Id.* ¶¶ 8–9.  The FAC further alleges that Defendants "did not assert

13   or prove" that any harassment existed, and that Defendants were unable to assert any instances of

14   violence of threats of violence to support Mr. Ross's allegations.  *Id.* ¶ 10.  Finally, the FAC

15   alleges that Defendants were advised that filing the cross-request for a TRO would result in

16   Plaintiff losing his employment, that Defendants nonetheless "filed the false TRO in order to

17   leverage the TRO against" Plaintiff's state court action and pressure him to dismiss his case, and

18   that he ultimately did in fact lose his employment.  *Id.* ¶¶ 9–13.

19           In his first claim for malicious prosecution, Plaintiff alleges that Defendants acted without

20   probable cause in filing the cross-request for a TRO in that they did not "honestly and reasonably

21   believe" that there were grounds to obtain a TRO.  *Id.* ¶ 19.  Plaintiff urges that the cross-request

22   was filed "in bad faith to vex, annoy, and/or wrong Plaintiff" with the knowledge that "their

23   allegations were false" and that in doing so, Mr. Ross "willfully committed perjury when [he]

24   signed the Cross Request TRO."  *Id.* ¶¶ 20–22.  In his second claim for IIED, Plaintiff alleges that

25   Defendants' "intentional conduct . . . was malicious and despicable in that it was performed

26

27   ─────────────────────
     [2] Mr. Witt also purports to bring this action against the "officers, agents, employees, associates,
28   and/or partners" of the Mr. Ross and Ms. Trask, to be named later.  FAC ¶ 6.  The three claims in
     the FAC, however, are brought only against Mr. Ross and Ms. Trask.

United States District Court
Northern District of California

1    willfully and with a conscious disregard of Plaintiff's rights . . . and designed to deprive [him] of

2    property or legal rights." *Id.* ¶ 30.  Finally, in his third claim for abuse of process, Plaintiff alleges

3    that Defendants "intentionally used this legal procedure to leverage the Cross Request TRO

4    against Plaintiff's personal injury case so that [he] would dismiss his personal injury case and pay

5    [Mr. Ross's] attorney's fees." *Id.* ¶ 34.

6    **II.    LEGAL STANDARD**

7            California's anti–SLAPP statute provides that "[a] cause of action against a person arising

8    from any act of that person in furtherance of the person's right of petition or free speech under the

9    United States Constitution or the California Constitution in connection with a public issue shall be

10    subject to a special motion to strike, unless the court determines that the plaintiff has established

11    that there is a probability that the plaintiff will prevail on the claim."  Cal. Code Civ. Proc. §

12    425.16(b).  This provision "makes available a special motion to strike meritless claims early in

13    litigation—but only if the claims arise from acts in furtherance of a person's 'right of petition or

14    free speech under the United States Constitution or the California Constitution in connection with

15    a public issue.'"  *FilmOn.com Inc. v. DoubleVerify Inc.*, 7 Cal. 5th 133, 139 (2019) (quoting Cal.

16    Code Civ. Proc. § 425.16(b)).  "[M]alicious prosecution causes of action fall within the purview of

17    the anti–SLAPP statute."  *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 735 (2003).

18            Courts evaluate an anti–SLAPP motion in two steps.  *Navellier v. Sletten*, 29 Cal. 4th 82,

19    88 (2002).  "Initially, the moving defendant bears the burden of establishing that the challenged

20    allegations or claims 'aris[e] from' protected activity in which the defendant has engaged.  If the

21    defendant carries its burden, the plaintiff must then demonstrate its claims have at least 'minimal

22    merit.'"  *Wilson v. Cable News Network, Inc.*, 7 Cal. 5th 871, 884 (2019) (quoting *Park v. Bd. of*

23    *Trs. of Cal. State Univ.*, 2 Cal. 5th 1057, 1061 (2017)).  Under the first step, the moving party

24    bears the initial burden of showing that the suit was brought for an improper purpose, and the

25    court must consider "the pleadings, and supporting and opposing affidavits stating the facts [on]

26    which the liability or defense is based."  *Bull. Displays, LLC v. Regency Outdoor Advert., Inc.*,

27    448 F. Supp. 2d 1172, 1179 (C.D. Cal. 2006) (alteration in original) (internal quotation marks and

28    citation omitted).  Under the second step, the non-moving party bears the burden of showing that

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    "the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a

2    favorable judgment if the evidence submitted by the plaintiff is credited." *Metabolife*, 264 F.3d

3    at 840.

4         A motion under the anti–SLAPP statute may be brought in federal court against a

5    plaintiff's state law claims. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.,*

6    *Inc.,* 190 F.3d 963, 970–73 (9th Cir. 1999).

7    **III.    DISCUSSION**

8         Defendants argue that all three claims should be dismissed under California's anti–SLAPP

9    statute "[t]hese claims each arise from [Defendants'] cross-request for a civil harassment

10   restraining order" and "[t]he filing of a civil harassment petition constitutes protected activity

11   under the statute, . . . making the claims subject to a special motion to strike." Mot. at 1 (internal

12   citation omitted). They further argue that Plaintiff "presents an insufficient basis for his claims in

13   each of the causes of action" because the challenged conduct is "protected by California's

14   litigation privilege." *Id.* The Court applies the two-step test described in *Navellier* to Mr. Ross

15   and Ms. Trask's anti–SLAPP claims. 31 Cal. 4th at 735.

16   **A.  The Challenged Activity is Protected**

17        At step one, the defendant must demonstrate that the plaintiff's cause of action arises from

18   protected activity. "[T]he statutory phrase 'cause of action . . . arising from' means simply that the

19   defendant's act underlying the plaintiff's cause of action must *itself* have been an act in

20   furtherance of the right of petition or free speech." *City of Cotati v. Cashman*, 29 Cal. 4th 69, 78

21   (2002). "[T]he critical point is whether the plaintiff's cause of action itself was *based on* an act in

22   furtherance of the defendant's right of petition or free speech." *Id.* To determine the basis of the

23   plaintiff's cause of action, the Court considers the elements of the claim and the actions by the

24   defendant alleged to supply those elements. *Park*, 2 Cal. 5th at 1063. The defendant bears the

25   burden of demonstrating that the protected activity supplies the elements of the plaintiff's cause of

26   action. *Rand Resources, LLC v. City of Carson*, 6 Cal. 5th 610, 621 (2019).

27        The defendant further bears the burden of demonstrating that its activity was protected by

28   fitting its actions into one or more of the four categories spelled out in the anti–SLAPP statute.

4

United States District Court
Northern District of California

1    *Wilson*, 7 Cal. 5th at 884.  As relevant here, section 425.16 defines protected activity in

2    furtherance of a person's right to petition or free speech to include "any written or oral statement

3    or writing made before a legislative, executive, or judicial proceeding, or any other official

4    proceeding authorized by law" or "any written or oral statement or writing made in connection

5    with an issue under consideration or review by a legislative, executive, or judicial body, or any

6    other official proceeding authorized by law."  Cal. Civ. Pro. Code § 425.16(e)(1), (2).  "[T]he

7    constitutional right to petition . . . includes the basic act of filing litigation or otherwise seeking

8    administrative action."  *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115

9    (1999) (second alteration in original) (internal quotation marks and citation omitted).

10          The Court agrees with Defendants that each of the FAC's causes of action arises from the

11    filing of the cross-request for a TRO and that this filing constituted a protected activity under

12    California's anti–SLAPP statute.

13          **1.   The Claims Arise from Defendants' Cross-Request for a TRO**

14          There is a one-to-one relationship between the elements of Plaintiff's three claims and

15    Defendants' cross-request for a TRO.  A claim for malicious prosecution requires a showing that

16    the action "(1) was initiated by or at the direction of the defendant and legally terminated in the

17    plaintiff's favor, (2) was brought without probable cause, and (3) was initiated with malice."

18    *Siebel v. Mittlesteadt*, 41 Cal. 4th 735, 740 (2007).  In his claim for malicious prosecution,

19    Plaintiff alleges that Defendants "instituted the Cross Request TRO against Plaintiff," "acted

20    without probable cause and a tenable basis for filing the Cross Request TRO," and "acted

21    maliciously in continuing to prosecute the false retaliatory Cross Request TRO against Plaintiff."

22    FAC ¶¶ 19–22.

23          Defendants' filing of a cross-request for a TRO similarly provides the basis of Plaintiff's

24    claim for IIED.  Under California law, a plaintiff must prove "(1) extreme and outrageous conduct

25    by the defendant with the intention of causing, or reckless disregard of the probability of causing,

26    emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the

27    plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct."

28    *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1988).  The focus is on the defendant's conduct

1    toward the plaintiff, which must be "so extreme as to exceed all bounds of that usually tolerated in

2    a civilized society." *Id.* Plaintiff's claim for IIED identifies Defendants having "caused the Cross

3    Request TRO to be filed, prosecuted, and tried against Plaintiff" as being "so extreme, outrageous

4    and oppressive that it subjected Plaintiff to cruel and unjust hardships." FAC ¶¶ 27–29.

5          Finally, Plaintiff's claim for abuse of process is similarly based on the cross-filing of a

6    request for a TRO. To state a claim for abuse of process, "a litigant must establish that the

7    defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act

8    in the use of the process not proper in the regular conduct of the proceedings." *Rusheen v. Cohen*,

9    37 Cal. 1048, 1057 (Cal. 2006). It is self-evident that the legal process referred to by Defendant in

10   his claim is the cross-filing of a request for a TRO, as he alleges that Defendants, "with full

11   knowledge and information regarding all of the facts, circumstances, and activities related to the

12   Cross Request TRO, intentionally used *this legal procedure* to leverage the Cross Request TRO

13   against Plaintiff[.]" FAC ¶ 34 (emphasis added).

14       **2. The Cross-Request for a TRO was Protected**

15         Defendants argue that the cross-request for a TRO upon which each of Plaintiff's claims is

16   based was a protected activity within the meaning of section 425.16(e)(1) and 425.16(e)(2). The

17   Court agrees. As a preliminary matter, the cross-request for a TRO is indisputably a "writing

18   made in connection with an issue under consideration or review by a . . . judicial body," Cal. Code

19   Civ. Pro. § 425.16(e)(2), the term "judicial body" having been expressly held to include civil

20   litigation. *Briggs*, 19 Cal. 4th at 1115. "There is no question that the filing of a civil harassment

21   petition constitutes protected activity." *Kenne v. Stennis*, 230 Cal. App. 4th 953, 966 (2014).

22         Plaintiff nonetheless argues that the claims do not arise from protected activity. Opp. at 3.

23   Specifically, he responds that "[a]lthough filing a TRO petition may be protected activity in some

24   contexts, it is not protected when the litigation is a sham." *Id.* Plaintiff's argument fails as a

25   matter of law: Defendants' filing and litigating of the cross-request for a TRO is a paradigmatic

26   exercise of Mr. Ross's First Amendment right to petition. Here, "the civil harassment petition[]

27   [was] based on . . . plaintiff's . . . direct action against defendant[], and constitute[s] [a] petition[]

28   to the government for redress." *Kenne*, 230 Cal. App. 4th at 966.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    To the extent that Plaintiff argues that the California Supreme Court's decision in *Flatley*

2    *v. Mauro*, 39 Cal. 4th 299 (2006), created a sham exception for illegal conduct, *see* Opp. at 3,

3    Plaintiff is mistaken as to the applicability of that exception here.  As a threshold matter, the

4    California Supreme Court in *Flatley* reaffirmed that the litigation privilege and anti–SLAPP

5    statute "are not substantively the same."  *Id.* at 232.  The defendant in that case was an attorney

6    who represented a woman alleging to have been sexually assaulted by the plaintiff—the plaintiff

7    brought a state law claim for civil extortion, alleging that the defendant made several phone calls

8    in which he demanded a seven-figure payment to settle the woman's claims.  *Id.* at 305.  In

9    affirming the trial court's denial of the defendant's anti–SLAPP motion, the California Supreme

10    Court explained that the defendant's conduct was not constitutionally protected because it was

11    criminal extortion as a matter of law.  *Id.* at 332–33.  The court thus held that where "the

12    assertedly protected speech or petition activity was illegal as a matter of law, the defendant is

13    precluded from using the anti–SLAPP statute to strike the plaintiff's action."  *Id.* at 320.

14    The rule in *Flatley* applies only in the narrow circumstances where a defendant's conduct

15    has been shown to be illegal as a matter of law "either through defendant's concession or by

16    uncontroverted conclusive evidence."  *Id.* at 320; *see also D.C. v. R.R.*, 182 Cal. App. 4th 1190,

17    1226 (Cal. App. Ct. 2010) (holding that threats of physical violence were not protected activity

18    within the meaning of the anti–SLAPP statute).  That is not the case here—there is simply no

19    evidence in the record at all that even suggests criminal conduct on the part of Defendants.  In his

20    cross-request for a TRO, Mr. Ross alleged a variety of behaviors that concerned him regarding the

21    privacy and protection of his family.  *See* ECF No. 11, Ex. A.  Because Defendants deny that their

22    request was false or illegal and there is no uncontroverted evidence to contrary, Plaintiff's

23    conclusory allegations are "insufficient to render [Defendants'] alleged actions unlawful as a

24    matter of law and outside the protection of . . . section 425.16."  *Dwight R. v. Christy B.*, 212 Cal.

25    App. 4th 697, 712 (2013); *accord Siam v. Kizilbash*, 130 Cal. App. 4th 1563, 1569–70 (2005).

26    Based on the foregoing, the Court finds that Defendants have met their burden to show protected

27    activity.

28    **B.  Probability of Success on the Merits**

7

1          The Court next considers whether Plaintiff has demonstrated a probability of prevailing on

2     any of his claims.  *See Woloszynska v. Netflix, Inc.*, No. 23-cv-636-BLF, 2023 WL 7166828, at \*4

3     (N.D. Cal. Oct. 30, 2023).  To prevail at the second step in adjudicating an anti–SLAPP motion, a

4     plaintiff must "demonstrate that the complaint is both legally sufficient and supported by a

5     sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted

6     by the plaintiff is credited."  *Browne v. McCain*, 611 F. Supp. 2d 1062, 1069 (C.D. Cal. 2009).

7     "In assessing the probability of prevailing, a court looks to the evidence that would be presented at

8     trial, similar to reviewing a motion for summary judgment; a plaintiff cannot simply rely on its

9     pleadings, even if verified, but must adduce competent, admissible evidence."  *Roberts v. Los*

10    *Angeles Cnty. Bar Assn.*, 105 Cal. App. 4th 604, 613–14 (2003).

11         As a threshold matter, the Court agrees with Defendants that each of Plaintiff's claims is

12    barred as a matter of law.  As to his first claim for malicious prosecution, California law provides

13    that "the unsuccessful filing of a petition for an injunction under section 527.6 may not form the

14    basis for a malicious prosecution action."  *Siam*, 130 Cal. App. 4th at 1574.  The Court further

15    agrees that Plaintiff's second claim for IIED and third claim for abuse of process are barred by the

16    litigation privilege, which is applicable against "all torts except malicious prosecution" and

17    protects "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or

18    other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have

19    some connection or logical relation to the action."  *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057

20    (2006).  The privilege plainly applies to Defendants' filing of a cross-request for a TRO in the

21    underlying state court proceedings.  Plaintiff's response that the FAC sufficiently alleges "non-

22    communicative wrongful conduct—using legal process for extortion and retaliation," Opp. at 5,

23    plainly misses the mark.  California law "contemplate[s] no communication that is more clearly

24    protected by the litigation privilege than the filing of a legal action."  *Action Apartment Ass'n, Inc.*

25    *v. City of Santa Monica*, 41 Cal. 4th 1232, 1249 (2007).  And, as described above, there are no

26    facts even suggestive of criminal extortion in the record before the Court.

27         Plaintiff does not point to any evidence in the record from which the Court could glean any

28    probability of prevailing on the merits of his three claims.  In his opposition brief, Plaintiff argues

United States District Court
Northern District of California

8

1    only that he "has pleaded all elements of" malicious prosecution, IIED, and abuse of process.

2    Opp. at 4.  This is plainly insufficient at step two of this inquiry, where "the plaintiff cannot rely

3    on the allegations of the complaint[] but must produce evidence that would be admissible at trial."

4    *Nguyen-Lam v. Cao*, 171 Cal. App. 4th 858, 866–67 (2009).  Nor is Plaintiff's position saved by

5    his offer that, "[s]hould the Court require evidentiary support, Plaintiff is prepared to submit a

6    declaration under penalty of perjury detailing" his loss of employment, "fabrications" made by

7    Defendants in their cross-request for a TRO, Ms. Trask's "[i]mproper settlement demand,"

8    procedural prejudice in the present action, and other filings in the present action.  Opp. at 6–7.

9    Any such declaration would at this stage be untimely and, in any case, would not have any bearing

10   on the merits of Plaintiff's claims.

11        **C.  Leave to Amend**

12        Having determined that Mr. Witt's FAC must de dismissed pursuant to the anti–SLAPP

13   Statute, the issue remains whether the Court should grant leave to amend.  The Court is mindful

14   that, as a matter of California law, leave to amend is often considered "improper" because "the

15   statutory intent is to provide a quick, inexpensive method of dismissing SLAPP suits."  *Browne*

16   *v. McCain*, 611 F. Supp. 2d 1062, 1068 (C.D. Cal. 2009).  The Ninth Circuit has cautioned,

17   however, that "[p]rocedural state laws are not used in federal court if to do so would result in a

18   direct collision with a Federal Rule of Civil Procedure."  *Verizon Delaware, Inc. v. Covad*

19   *Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004) (quoting *Metabolife Int'l, Inc. v. Wornick*,

20   264 F.3d 832, 845–46 (9th Cir. 2001)).

21        The Ninth Circuit has accordingly explained that "granting a defendant's anti–SLAPP

22   motion . . . without granting the plaintiff leave to amend would directly collide with Fed. R. Civ.

23   P. 15(a)'s policy favoring liberal amendment."  *Id.*; *see also Lema v. Bd. Of Trs. Of Cal. State*

24   *Univ. Sys.*, No. 3:21-cv-2131-JAH-KSC, 2023 WL 3572882, at *9 (S.D. Cal. May 17, 2023).  The

25   Court concludes that leave to amend is appropriate.

26        For additional guidance, Plaintiff may refer to the Court's Pro Se Handbook, available on

27   the Court's website at http://cand.uscourts.gov/representing-yourself/pro-se-handbook, or contact

28   the Legal Help Center, which provides information and limited-scope legal advice to pro se

United States District Court
Northern District of California

9

1    litigants in civil cases.  The Legal Help Center requires an appointment, which can be made by

2    calling (415) 782-9000 x8657.

3    **IV.    ORDER**

4           For the foregoing reasons, IT IS HEREBY ORDERED that:

5           (1) Defendants' special order to strike is GRANTED.

6           (2)  The FAC is DISMISSED WITH LEAVE TO AMEND.

7           (3) Plaintiff MAY file a second amended complaint within fourteen days of the date of this

8                order.  Amendment SHALL be limited to curing the defects identified in this order, and

9                no new claims or parties may be added without leave of the Court.

10

11   Dated:  October 20, 2025

12                                             _____

13                                             BETH LABSON FREEMAN
                                               United States District Judge

10