UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEREMY WITT,<br>        Plaintiff,<br>v.<br>PATRICK ROSS, et al.,<br>        Defendants. | Case No. 5:25-cv-02776-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL AND MOTION FOR SANCTIONS**<br><br>[Re: ECF Nos. 26, 34] |

Plaintiff Jeremy Witt moves for an order disqualifying Gordon J. Finwall, counsel for Defendant Patrick Ross, as well as an order for monetary sanctions against Mr. Finwall based on a May 7, 2025, email regarding diversity jurisdiction Mr. Finwall sent to Plaintiff's former attorneys Michael L. Farley and Matthew D. Owdom (the "Challenged Email"). *See* ECF Nos. 26, 27 ("Disqualify Mot."), 44 ("Disqualify Reply"); ECF Nos. 34, 35 ("Sanctions Mot."), 45 ("Sanctions Reply"). Defendant opposes the motions. *See* ECF No. 39 ("Disqualify Opp."); ECF No. 41 ("Sanctions Opp."). The Court finds the motions suitable for resolution without oral argument and VACATES the hearing set for November 6, 2025. *See* Civ. L.R. 7-1(b).

For the reasons below, the motions are DENIED.

**I.    BACKGROUND**

Plaintiff filed this civil action on March 24, 2025, against Defendant, alleging causes of action for malicious prosecution and intentional infliction of emotional distress ("IIED"). ECF No. 1. On April 2, 2025, Mr. Finwall sent a meet-and-confer letter to Mr. Farley and Mr. Owdom in which he argued that Plaintiff's malicious prosecution claim was barred by the decision in *Siam v. Kizilbash*, 130 Cal. App. 4th 1563 (2005), and that Plaintiff's IIED claim was barred by California's litigation privilege. Disqualify Opp. at 4–5. In response to that letter, Mr. Farley and

1    Mr. Owdom filed a first amended complaint, which added a third cause of action for abuse of
2    process. ECF No. 11 ("FAC"). On May 7, 2025, Mr. Finwall sent Mr. Farley and Mr. Owdom a
3    second meet-and-confer letter, incorporating the arguments from the first letter and arguing that
4    the litigation privilege also barred the abuse of process claim. Disqualify Opp. at 5.

5    Also on May 7, 2025, Mr. Finwall learned that Plaintiff had filed a civil complaint for
6    damages in California state court against a former employer in which he alleged California Labor
7    Code violations, unlawful business practices, and wrongful termination on May 2, 2025. ECF
8    No. 11-1, Declaration of Gordon J. Finwall ("Finwall Decl."), Ex. B. In that state law complaint,
9    Plaintiff was described as "a resident and citizen of San Jose, CA in Santa Clara County." *Id.* ¶ 8.
10   However, in his first amended complaint before this Court, Plaintiff was alleged to be "at all times
11   mentioned herein, a resident of the State of Nevada." FAC ¶ 3.

12   Based on the conflict in the residency allegations between the complaints filed on May 2,
13   2025, and May 7, 2025, Mr. Finwall sent the Challenged Email to Mr. Farley and Mr. Owdom, in
14   which Mr. Farley advised them that Defendant disputed the diversity allegation in the first
15   amended complaint:

> Counsel,
> See attached complaint Mr. Witt filed on May 2, 2025 in the Santa Clara County Superior Court against his former employer. I am not sure if you are aware of this.
> In contrast to the federal action you filed in which it is alleged that Mr. Witt is a resident of Nevada, the state court action filed three days earlier alleges he is a resident of San Jose. In addition to this inconsistency, I am aware of compelling evidence that Mr. Witt in fact resides in San Jose. While he may live in Nevada, it is evident that his primary residence is in California. As [Mr. Ross] disputes diversity jurisdiction, please direct [Mr. Witt] to preserve all documents relating to the location of his residence in the last year[.]
> . . . .
> Mr. Witt has a history of varying allegations depending on what he thinks the listener should hear. Hopefully, [Mr. Witt] decides to dismiss this action for the reasons set forth in my meet and confer letters, but if, for whatever reasons I cannot foresee that permit the action to proceed on the merits, Mr. Witt will be in a position of having to answer some difficult questions.
> . . . .
> Regards,
> Gordon J. Finwall

2

ECF No. 28-1, Ex. A.[1]

Mr. Farley apparently advised that he was not aware of the state court case. Disqualify Opp. at 5. Mr. Farley and Mr. Owdom subsequently withdrew as Plaintiff's counsel. ECF No. 21. Two days after the Court granted Mr. Farley and Mr. Owdom's motion to withdraw, Plaintiff filed the motion to disqualify Mr. Finwall and the motion for monetary sanctions against Mr. Finwall.

## II.   LEGAL STANDARD

All attorneys who practice before this Court are required to "[b]e familiar and comply with the standards of professional conduct required of members of the State Bar of California." Civ. L.R. 11-4(a)(1). In determining whether to disqualify counsel, this Court therefore applies California law. *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000); H*itachi, Ltd. v. Tatung Co.*, 419 F. Supp. 2d 1158, 1160 (N.D. Cal. 2006). "The right to disqualify counsel is a discretionary exercise of the trial court's inherent powers." *Certain Underwriters at Lloyd's London v. Argonaut Ins. Co.*, 264 F. Supp. 2d 914, 918 (N.D. Cal. 2003). The law imposes two requirements that must be met for the Court to disqualify counsel. First, counsel must have violated the Rules of Professional Conduct. Second, the Court must conclude that it is appropriate to order disqualification. In doing so, the Court evaluates whether the equities weigh against disqualification. *See Klein v. Facebook, Inc.*, No. 20-cv-8570-LHK, 2021 WL 3053150, at *4, *8 (N.D. Cal. July 20, 2021).

"A court can impose sanctions pursuant to its inherent authority when a party engages in 'a broad range of willful improper conduct,' such as acting 'vexatiously, wantonly, or for oppressive reasons, delaying, disrupting litigation,' or when a party 'has taken actions in the litigation for an improper purpose.'" *Miletak v. AT&T Servs., Inc.*, No. 12-cv-5326-EMC, 2020 WL 6497925, at *2 (N.D. Cal. Aug. 3, 2020) (quoting *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001)). Before awarding monetary sanctions against counsel, the court must make an express finding that the litigation behavior "constituted or was tantamount to bad faith." *Primus Auto. Fin. Servs., Inc.*

---

[1] This quotation is from an "Annotated Version" of the Challenged Email that Plaintiff attached to his declaration. The Parties have provided the Court with a photograph or screenshot of the Challenged Email.

*v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997).  "The bad faith requirement ensures that the district court's exercise of its broad power is properly restrained, and 'preserves a balance between protecting the court's integrity and encouraging meritorious arguments.'"  *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (quoting *Primus Auto.*, 115 F.3d at 648).

### III.  DISCUSSION

Both of Plaintiff's motions are based on the Challenged Email.  In support of his motion to disqualify Mr. Finwall, Plaintiff argues that "Mr. Finwall has engaged in a sustained campaign of unethical and obstructive conduct that has prejudiced Plaintiff's right to a fair trial," urging that "[j]udicial intervention is required to prevent further prejudice and uphold the integrity of these proceedings."  Disqualify Mot. at 1.  In support of his motion for monetary sanctions against Mr. Finwall, Plaintiff alleges that Mr. Farley's withdrawal was the result of Mr. Finwall "knowingly sen[ding] a manipulative and inflammatory communication designed to fracture the attorney-client relationship" so as "to deprive Plaintiff of representation rather than address the case on the merits."  Sanctions Mot. at 1–2.  Defendant responds to both motions that the purpose of Mr. Finwall's email was not improper and that Plaintiff has failed to demonstrate that Mr. Finwall unfairly or coercively caused Mr. Farley and Mr. Owdom from withdraw from their representation of Plaintiff.  Disqualify Opp. at 7–8; *see also* Finwall Decl. ¶¶ 17–19.

#### A. Disqualification is Not Warranted

Plaintiff argues that Mr. Finwall has committed a variety of ethical violations, urging that his "deliberate interference with Plaintiff's legal representation, manipulation of opposing counsel, and abusive litigation conduct" violate Rules 3.4(g), 3.10, 4.1, 4.4(a), and 8.4(c) of the California Rules of Professional Conduct.  Disqualify Mot. at 2–3.  The problem with Plaintiff's argument is straightforward:  For the Court to conclude that Mr. Finwall had violated any of these ethical obligations, it would have to accept Plaintiff's conclusory allegation that Mr. Finwall acted with the purpose of "mislead[ing] Plaintiff's counsel about . . . jurisdiction."  Disqualify Mot. at 3.  Plaintiff has not provided any evidence that Mr. Finwall inaccurately represented Plaintiff's inconsistent representations to this Court and the state court, so the Court has no basis upon which to conclude that Mr. Finwall violated any ethical obligation.

4

1       On the contrary, as Defendant points out, Mr. Finwall's ethical obligations in fact *require* him to zealously represent his client's interests and to provide competent representation. Disqualify Opp. at 7 (citing Cal. Rules of Prof. Conduct 1.1, 1.2.1; Cal. Bus. & Profs. Code § 6068). "The duty of a lawyer, both to his client and to the legal system, is to represent his client zealously within the bounds of the law." *Hawk v. Superior Ct.*, 42 Cal. App. 3d 108, 126 (1974) (internal citation and emphasis omitted). Upon discovering that the Court may lack diversity jurisdiction based on Plaintiff's domicile, it was eminently reasonable for Mr. Finwall to put diversity jurisdiction in dispute and to attempt "to convince Mr. Farley and Mr. Owdom that the case lacked merit and should be dismissed." Disqualify Opp. at 7.

Plaintiff additionally argues that "[d]isqualification is also appropriate where the attorney is likely to be a material witness on contested factual matters." Disqualify Mot. at 2. While the Court agrees with this basic proposition, Plaintiff has not identified any such contested facts. The Court does not credit Plaintiff's conclusory assertions that Mr. Finwall is part of "a broader extortionate and retaliatory scheme" because there is no evidence in the record to that effect. The Court accordingly concludes that Plaintiff has not shown good cause for disqualification on this basis.

### B. Sanctions Are Not Warranted

Plaintiff argues that sanctions are warranted because Mr. Finwall sent the Challenged Email in bad faith as part of a "strategic effort to deprive Plaintiff of representation," requesting an "order imposing monetary sanctions against opposing counsel in the amount of $73,343.25." Sanctions Mot. at 2–3. Plaintiff's three-page motion provides no evidence that Mr. Finwall sent the Challenged Email for an improper purpose such as to delay or disrupt the litigation: On the contrary, jurisdiction is a threshold issue without which this Court lacks the authority to hear this case. For the reasons stated above, the Court concludes that there is no basis upon which to conclude bad faith on the part of Mr. Finwall in his communications with Mr. Farley and Mr. Owdom. In the absence of an express finding of bad faith, monetary sanctions are not warranted. *See Primus Auto.*, 115 F.3d at 648.

IV. **ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that

(1) Plaintiff's motion to disqualify Mr. Finwall is DENIED.

(2) Plaintiff's motion for monetary sanctions is DENIED.

Dated:  October 20, 2025

_____
BETH LABSON FREEMAN
United States District Judge