UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEREMY WITT,<br>　　　　Plaintiff,<br>　v.<br>PATRICK ROSS, et al.,<br>　　　　Defendants. | Case No. 5:25-cv-02776-BLF<br><br>**ORDER DENYING SECOND MOTION TO DISQUALIFY**<br><br>[Re: ECF No. 86] |

Before the Court is pro se Plaintiff Jeremy Witt's second motion to disqualify Gordon Finwall, attorney for Defendant Patrick Ross. ECF No. 86 ("Mot."); ECF No. 104 ("Reply"). Mr. Ross opposes the motion. ECF No. 96 ("Opp."). The Court previously denied Mr. Witt's first motion to disqualify Mr. Finwall. ECF No. 75 ("Order").

The motion is DENIED.

**I.    BACKGROUND**

Mr. Witt filed this civil action on March 24, 2025, alleging causes of action for malicious prosecution and intentional infliction of emotional distress ("IIED"). ECF No. 1. On April 2, 2025, Mr. Finwall sent a meet-and-confer letter to Mr. Witt's counsel at the time, in which he argued that the malicious prosecution claim was barred by the decision in *Siam v. Kizilbash*, 130 Cal. App. 4th 1563 (2005), and the IIED claim was barred by California's litigation privilege. Order at 2. In response to that letter, Mr. Witt's counsel filed an amended complaint adding a third cause of action for abuse of process. ECF No. 11.

On May 7, 2025, Mr. Finwall sent Mr. Witt's counsel a second meet-and-confer letter, incorporating the arguments from the first letter and arguing that the litigation privilege also barred the abuse of process claim. After learning that Mr. Witt had made conflicting

1    representations as to his domicile, Mr. Finwall also notified Mr. Witt's counsel that Mr. Ross

2    disputed the diversity allegation in the first amended complaint.  ECF No. 28-1 Ex. A.  Mr. Witt's

3    counsel subsequently withdrew from this case, leaving Mr. Witt pro se.  Order at 3.

4          Mr. Witt moved to disqualify Mr. Finwall, accusing him of a variety of ethical violations

5    including "deliberate interference with Plaintiff's legal representation, manipulation of opposing

6    counsel, and abusive litigation conduct."  ECF No. 27 at 2–3.  Mr. Witt also argued that

7    "[d]isqualification is also appropriate where the attorney is likely to be a material witness on

8    contested factual matters."  *Id.* at 2.  The Court denied the motion.  Order at 4–5.  Mr. Witt filed

9    this second motion, again urging that Mr. Finwall cannot "continue[] to act as advocate where he

10   is a necessary witness."  Mot. at 2.

## II.  LEGAL STANDARD

Rule 3.7(a) of the California Rules of Professional Conduct provides that "[a] lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a witness unless the lawyer's testimony relates to an uncontested issue or the nature and value of the legal services rendered in the case."  Disqualification under Rule 3.7 is disfavored and permitted only in narrow circumstances, with the burden on the moving party to demonstrate that the attorney's testimony is (1) relevant, (2) material, and (3) unobtainable elsewhere.  *Doe v. Yim*, 55 Cal. App. 5th 573, 583 (2020).

## III.  DISCUSSION

Mr. Witt argues that Mr. Finwall's "personal involvement spans nearly every disputed event," including: (1)  "[t]he June 6, 2023 TRO violation and resulting false police report by Patrick and Sherry Ross; (2) "communications with Plaintiff's former attorneys Hackett and Farley; (3) "[t]he extortion letter authored by or in coordination with attorney Trask citing Mr. Finwall's authority; (4) "[c]ommunications with witness Melanie Abea regarding release of the June 6, 2023 police report; and (5) "[c]ontinuous coordination with Trask and the Ross defendants in preparing filings now before this Court."  Mot. at 2.  None of these allegations even remotely suggest that Mr. Finwall must be disqualified.

First, Mr. Finwall has filed a declaration stating that he did not represent Mr. Ross in the

2

1    civil harassment actions giving rise to the June 6, 2023, "violation." ECF No. 96-1 ("Finwall
2    Decl.") ¶ 23.  Second, the Court has already explained that Mr. Finwall's discussions with
3    Mr. Witt's previous counsel regarding jurisdiction was not improper.  Order at 5.  Third, the so-
4    called "extortion letter" Mr. Witt invokes apparently refers to a settlement proposal, which is
5    hardly inappropriate.  Finwall Decl. ¶ 23.  Fourth, Mr. Witt fails to explain what the
6    communications with Ms. Abea (Mr. Witt's prior attorney) were or why Mr. Finwall must be
7    deposed in connection therewith.  Fifth, it is unsurprising that Mr. Finwall has communicated with
8    Mr. Ross (his client).  To the extent that Mr. Finwall has communicated with Ms. Trask, Mr. Witt
9    fails to explain why such communications warrant disqualification.

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the motion is DENIED. Mr. Witt is ADVISED that future frivolous motions will result in the imposition of sanctions.

Dated:  December 19, 2025

_____
BETH LABSON FREEMAN
United States District Judge

3