UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEREMY WITT,<br><br>        Plaintiff,<br><br>v.<br><br>PATRICK ROSS, et al.,<br><br>        Defendants. | Case No. 25-cv-02776-BLF (VKD)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**<br><br>Re: Dkt. No. 87 |

Plaintiff Jeremy Witt moves for a protective order prohibiting defendant Patrick Ross and several other individuals from having any contact with "residents of Wellington Park Drive" in San Jose, California. Dkt. No. 87 at 2. In addition, Mr. Witt requests an order admonishing defendants that their communications regarding Mr. Witt or this case are discoverable; warning defendants against witness tampering or obstruction in violation of federal criminal law; and requiring defendants to comply with all state and local safety laws, including those governing "dog-restraint requirements." *Id.* Mr. Witt offers to submit a private investigator's report for in camera review and asks the Court to consider holding oral argument on this motion. *Id.* at 2-3. Defendant Patrick Ross opposes the motion. Dkt. No. 93 at 3; *see* Dkt. No. 99 (construing Mr. Ross's motion to strike as his response to Mr. Witt's motion). Mr. Witt has filed a reply. Dkt. No. 105.

This motion concerns a discovery matter and is referred to the undersigned for resolution. *See generally* Docket, July 9, 2025 entry.[1] The Court finds this dispute suitable for resolution

---

[1] Future disputes concerning discovery-related matters must be submitted using Judge DeMarchi's dispute resolution procedures. *See* Judge DeMarchi's Standing Order for Civil Cases, available at

without oral argument. *See* Civil L.R. 7-1(b). The Court further finds that in camera review of additional material will not aid the Court in resolving this dispute.

1. *Request for "no contact" protective order*:

Mr. Witt requests a protective order barring defendants from communicating with non-party residents of Wellington Park Drive about him or this case. *See* Dkt. No. 87-1 at 5-7. As a general matter, no law prevents a party or its counsel from interviewing or communicating with prospective non-party witnesses. *See, e.g., Wharton v. Calderon*, 127 F.3d 1201 (9th Cir. 1997) (reversing district court order prohibiting one party from interviewing witnesses privately); *Int'l Bus. Machines Corp. v. Edelstein*, 526 F.2d 37, 42 (2d Cir. 1975) (citing "time-honored" principle that "counsel for all parties have a right to interview an adverse party's witnesses (the witness willing) in private, without the presence or consent of opposing counsel and without a transcript being made"); *Doe v. Eli Lilly & Co.*, 99 F.R.D. 126, 128 (D.D.C. 1983) ("As a general proposition, . . . no party to litigation has anything resembling a proprietary right to any witness's evidence."). Thus, there is no legal basis for the Court to issue a blanket order prohibiting defendants or other individuals from contacting non-party residents of Wellington Park Drive, as Mr. Witt demands.

The Court understands that Mr. Witt's principal concern is that defendants will tamper with prospective witnesses' testimony if permitted to communicate with them about plaintiff and/or this case. *See* Dkt. No. 87-1 at 6. Citing 18 U.S.C. § 1512, Mr. Witt suggests that defendants have threatened or will threaten neighborhood residents who maintain a "neutral" view of Mr. Witt or this case. *See id.* at 7. While anyone, including a party, who attempts by improper means to influence a witness's testimony or dissuade that testimony may be subject to prosecution for the crime of witness tampering or obstruction, *see, e.g.,* 18 U.S.C. §§ 1512(a), (b), (d), the motion and supporting materials contain no evidence of prohibited conduct by defendants or others against prospective witnesses who may testify in this case. At most, Mr. Witt states that "multiple witnesses" told his private investigator that they "[felt] monitored or concerned

---

https://cand.uscourts.gov/sites/default/files/standing-orders/VKD-StandingOrderForCivilCases-7-2025.pdf.

2

1  Defendants would 'come after' them if they were perceived as neutral" and "have expressed fear"
2  of defendants. Dkt. No. 87-1 at 7. The motion contains no information about any defendant's
3  actual conduct; it describes only the purported sentiments of the neighborhood residents.
4  Moreover, it is not clear that any such residents even have information that is relevant to any claim
5  or defense in this case. *See* Fed. R. Civ. P. 26(b)(1).

Nevertheless, Mr. Witt is correct that a party (or its counsel) may not attempt to improperly influence the testimony of a prospective witness, even if the conduct does not rise to the level of criminal witness tampering or obstruction. If the Court finds a party has engaged in efforts to improperly influence the testimony of witness, the Court may impose sanctions against that party, based on the Court's inherent authority or authority granted by statute or rule. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-48 (1991) (court has inherent authority to impose sanctions where a party acts in bad faith, and where this authority has not been displaced by statute or rule); *Innospan Corp. v. Intuit Inc.*, No. 10-cv-04422 WHA (JCS), 2011 WL 2669465 (N.D. Cal. July 7, 2011) (imposing discovery sanctions under Rule 37 against plaintiff for, among other things, coaching non-party witness in connection with deposition testimony). At the very least, the testimony of witness whom a party has attempted to influence may be impeached on that basis. *See* Fed. R. Evid. 401, 607; *United States v. Abel*, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness'[s] testimony.").

In appropriate circumstances, the Court may issue a protective order. *See, e.g., Somers v. Digital Realty Tr. Inc.*, No. 14-cv-05180 EMC (KAW), 2017 WL 3623728 (N.D. Cal. July 13, 2017) (granting protective order against threatening communications directed to specific witnesses). However, on the record presented, Mr. Witt has not demonstrated that the "no contact" protective order he seeks is warranted.

*2. Other requested relief*

There is no legal or factual basis for the Court to order the other relief Mr. Witt seeks. The Federal Rules of Civil Procedure govern the scope of discovery in this action, and the Court has

3

no basis upon which to conclude that any and all communications by defendants regarding Mr. Witt or this case are discoverable. Nor is it the Court's role to "warn" parties against violating federal criminal statutes. Likewise, there is no factual or legal basis on which the Court could properly order defendants to comply with all state and local safety laws, including those governing dog restraints.

***

Accordingly, the Court denies Mr. Witt's motion for a protective order and other relief.

**IT IS SO ORDERED.**

Dated: January 9, 2026

Virginia K. DeMarchi
United States Magistrate Judge