United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JEREMY WITT,<br><br>          Plaintiff,<br><br>   v.<br><br>PATRICK ROSS, et al.,<br><br>          Defendants. | Case No.  5:25-cv-02776-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND GRANTING DEFENDANT'S SPECIAL MOTION TO STRIKE SECOND AMENDED COMPLAINT**<br><br>[Re:  ECF Nos. 88, 120] |

Before the Court is Defendant Patrick Ross's special motion to strike pro se Plaintiff Jeremy Witt's second amended complaint, ECF No. 79 ("SAC"), pursuant to California Code of Civil Procedure Section 425.16 ("anti–SLAPP statute")[1] or, in the alternative, to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 88 ("Mot."); ECF No. 106 ("Reply").  Mr. Witt opposes the motion.  ECF No. 98 ("Opp.").  The Court heard oral argument on the motion on March 5, 2026.  ECF No. 116; *see also* ECF No. 121 ("Tr.").

While that motion was under submission, Mr. Witt filed a "motion to dismiss for lack of jurisdiction" on March 16, 2026, seeking an order of dismissal without prejudice on the ground that he "does not further contend that diversity jurisdiction is established in this case" and "will not submit additional domicile evidence."  ECF No. 120 ("SMJ Mot."); *see also* ECF No. 128 ("SMJ Reply").  The Court ordered Defendants to respond.  ECF No. 123.  Mr. Ross filed an opposition brief arguing that the only evidence before the Court pointed to the conclusion that the

---

[1] "SLAPP" stands for "Strategic Lawsuit Against Public Participation."  The purpose of statutes like California's anti–SLAPP statute is to "encourage participation in matters of public significance" and ensure "that this participation . . . not be chilled through abuse of the judicial process" by providing defendants with a mechanism to dismiss meritless, harassing causes of action early in the proceedings.  Cal. Code Civ. Pro. § 425.16(a).

Court has subject-matter jurisdiction and requesting that the Court grant the anti–SLAPP motion and award attorneys' fees. ECF No. 126 ("SMJ Opp.").

For the following reasons, the Court DENIES Mr. Witt's "motion to dismiss" and GRANTS Mr. Ross's anti–SLAPP motion.

## I.    BACKGROUND

This case arises from a personal dispute between neighbors Mr. Witt and Mr. Ross. The dispute ultimately ended up being litigated in state court, with Mr. Witt filing a complaint against Mr. Ross and later a civil harassment action under California Code of Civil Procedure section 527.6 seeking a temporary restraining order ("TRO"). In response, Mr. Ross cross-filed a TRO request. Both restraining orders were ultimately denied by the state court. The dispute ended up in federal court after Mr. Witt filed a complaint in this district, alleging that Mr. Ross and Mr. Ross's state court attorney, pro se Defendant Margaret Trask, improperly filed the TRO request as retaliation for Mr. Witt having initiated the state court action against Mr. Ross. ECF No. 1.

On May 5, 2025, Mr. Witt amended his complaint, asserting causes of action under state law for (1) malicious prosecution, (2) intentional infliction of emotional distress ("IEED"), and (3) abuse of process for allegedly signing and filing a "false and retaliatory" TRO application that "falsely alleged that [Mr. Witt] harassed [Mr. Ross]." ECF No. 11 ("FAC") ¶¶ 8–9. On October 20, 2025, the Court granted Mr. Ross's anti–SLAPP motion as to all three causes of action in the FAC, concluding that Defendants' TRO request (on which all three claims are based) was a protected activity as a matter of California law and that Mr. Witt failed to demonstrate that the complaint was legally sufficient. ECF No. 74 ("Prior Order") at 6–8. In concluding that the filing of the TRO application was protected, the Court specifically rejected Mr. Witt's argument that the application was illegal and thus removed from protection under the rule announced by the California Supreme Court in *Flatley v. Mauro*, 39. Cal. 4th 299 (2006), explaining that "there is simply no evidence in the record that even suggests criminal conduct on the part of Defendants." Order at 7. The Court dismissed the complaint with leave to amend and referred Mr. Witt to the Court's resources for pro se litigants. *See id.* at 9.

Mr. Witt filed the SAC on November 3, 2025, asserting the same three causes of action and filing over two hundred pages in attached exhibits purported to show that "Defendants' conduct was illegal as a matter of law under *Flatley*," namely, "perjury," "fee-waiver fraud," and "extortion." SAC ¶ 4. As was the case with the first amended complaint, the SAC is quite sparse as to its factual allegations and is riddled with legal conclusions: In a four paragraph section entitled "Curing Defects Identified in the Oct. 20, 2025[,] Order," Mr. Witt alleges that "[t]he Court's finding of 'no evidence of criminal conduct' is cured by Exhs. C, D, G (perjury and extortion) and Exhs. F, I (false report/referral)," and averring that "[e]ach assertion now ties to authenticated evidence [sic] and will be verified by declaration." *Id.* ¶¶ 25–28.

In the SAC, Mr. Witt also added the following three factual allegations: (1) Defendants violated a TRO issued against them "through continued contact and provocation"; (2) Mr. Ross filed a false police report against Mr. Witt for violations of the TRO against Mr. Witt; and (3) Ms. Trask "referred [Mr. Witt] to the District Attorney for firearm possession," which he alleges "constitute[ed] a second malicious-prosecution event." *Id.* ¶¶ 20–22.

Exhibit C is a copy of Mr. Ross's TRO application prepared by Ms. Trask. SAC Ex. C at 4. Exhibit D is a "demonstrative analytical document prepared by Plaintiff" purporting to "demonstrate[] that [Defendants'] perjury and fraud are evident on the face of Exhibit C itself, requiring no external inference." *Id.* Ex. D at 1, 3. Exhibit G is a copy of an email dated August 9, 2023, from Ms. Trask to Mr. Ross's state law counsel titled "Proposed Settlement Offer." *Id.* Ex. G at 4. Exhibit F is a copy of a police report dated June 6, 2023, regarding a call to the police apparently reporting a violation by Mr. Witt of a TRO. *Id.* Ex. F at 4. Exhibit I is a copy of an email dated December 12, 2023, entitled "Jeremy Witt R/O and firearms relinquishment" that, according to Mr. Witt, shows that Defendants made a false referral to the district attorney regarding noncompliance of firearms relinquishment pursuant to a court order. *Id.* Ex. I at 4.

At the hearing on Mr. Ross's anti–SLAPP motion, counsel for Mr. Ross indicated to the Court that Mr. Ross and Mr. Witt are "next door neighbors," giving the Court pause as to whether it possesses subject-matter jurisdiction over Mr. Witt's action, which asserts only state-law claims.

3

United States District Court
Northern District of California

Tr. at 9:4; *see also id.* at 9:8–9 ("[I]f they're next door neighbors, I don't have jurisdiction."). The Court had the following colloquy with Mr. Witt:

THE COURT:     All right, Mr. Witt, so where do you live?
MR. WITT:      I live– I'm domiciled in Las Vegas, Nevada.
THE COURT:     No, where do you live?
MR. WITT:      I live in Las Vegas, Nevada.
THE COURT:     You came here from Las Vegas?
MR. WITT:      Yes.
THE COURT:     So you don't have a neighbor dispute anymore?
MR. WITT:      I– I do have a residence– I do stay with my family in San Jose sometimes in–
THE COURT:     Not the house next door to Mr. Ross?
MR. WITT:      Yes, that is one of the residences I stay in.
THE COURT:     Where do you vote?
MR. WITT:      In Las Vegas, Nevada.
THE COURT:     And where do you pay your taxes?
MR. WITT:      In Las Vegas, Nevada.

*Id.* at 12:7–25.

Based on these representations, the Court proceeded with the understanding that, as pleaded in the complaint, the Court possessed subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. *See* Tr. at 24:1–5 ("I have no basis to determine that I lack subject matter jurisdiction based upon your statements here."); *see also* SAC ¶¶ 8 ("Jurisdiction exists under 28 U.S.C. § 1332 (diversity) . . . ."), 10 ("Plaintiff Jeremy Witt—domiciled in Nevada since 2019"). The Court orally granted Mr. Ross's anti–SLAPP motion and indicated that a written order would follow. Tr. at 24:12–15. More than a week later, Mr. Witt requested dismissal of this action without prejudice for lack of subject-matter jurisdiction "so that any remaining claims could be pursued, if at all, in a court of competent jurisdiction." SMJ Mot. at 2. Mr. Ross opposes Mr. Witt's motion, urging that it is nothing more than a last-ditch, bad-faith attempt to avoid paying attorneys' fees pursuant to California's anti–SLAPP statute. SMJ Opp. at 2.

## II.     LEGAL STANDARD

### A.  Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

4

United States District Court
Northern District of California

377 (1994) (citations omitted).  The Court is under a continuing obligation to ensure that it has subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

Few procedural limitations exist in a factual challenge to a complaint's jurisdictional allegations.  *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.1989).  District courts are not precluded from considering conflicting evidence and has wide discretion to consider affidavits, documents, and even hold a limited evidentiary hearing.  *See Thornhill Pub. Co. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir.1979).  Further, the Court need not presume the truthfulness of the plaintiff's allegations.  *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000).

### B.  Anti–SLAPP Statute

California's anti–SLAPP statute provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  Cal. Code Civ. Pro. § 425.16(b).  This provision "makes available a special motion to strike meritless claims early in litigation—but only if the claims arise from acts in furtherance of a person's 'right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue.'"  *FilmOn.com Inc. v. DoubleVerify Inc.*, 7 Cal. 5th 133, 139 (2019) (quoting Cal. Code Civ. Proc. § 425.16(b)).  "[M]alicious prosecution causes of action fall within the purview of the anti–SLAPP statute."  *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 735 (2003).

Courts evaluate an anti–SLAPP motion in two steps.  *Navellier v. Sletten*, 29 Cal. 4th 82, 88 (2002).  "Initially, the moving defendant bears the burden of establishing that the challenged allegations or claims 'aris[e] from' protected activity in which the defendant has engaged.  If the defendant carries its burden, the plaintiff must then demonstrate its claims have at least 'minimal merit.'"  *Wilson v Cable News Network, Inc.*, 7 Cal. 5th 871, 884 (2019) (quoting *Park v. Bd. of Trs. of Cal. State Univ.*, 2 Cal. 5th 1057, 1061 (2017)).  Under the first step, the moving party bears the initial burden of showing that the suit was brought for an improper purpose, and the court must consider "the pleadings, and supporting and opposing affidavits stating the facts [on]

which the liability or defense is based." *Bull. Displays, LLC v. Regency Outdoor Advert., Inc.*, 448 F. Supp. 2d 1172, 1179 (C.D. Cal. 2006) (alteration in original) (internal quotation marks and citation omitted). Under the second step, the non-moving party bears the burden of showing that "the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Metabolife*, 264 F.3d at 840. A motion under the anti–SLAPP statute may be brought in federal court against a plaintiff's state law claims. *United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.,* 190 F.3d 963, 970–73 (9th Cir. 1999).

### III.    DISCUSSION

#### A. Subject-Matter Jurisdiction

As a threshold matter, the Court must determine whether it possesses subject-matter jurisdiction over this case. The Parties do not dispute that the amount in controversy exceeds $75,000 and that Defendants are citizens of California. Mr. Witt has consistently taken the position that he is a citizen of Nevada. *See, e.g.*, ECF No. 1 ¶¶ 1 ("This case arises under 28 U.S.C. § 1332 which grants jurisdiction to this Court's jurisdiction [sic] in all civil actions between citizens of different States . . . ."), 3 ("Plaintiff is, and at all times mentioned herein was, a resident of the State of Nevada."); ECF No. 11 ¶¶ 1, 3 (same); ECF No. 28 ¶ 8 ("I have been a resident of Las Vegas, Nevada[,] since 2019, where I live, work, pay taxes, and receive mail.").

In his motion, Mr. Witt does not definitively state whether he lives in California or Nevada, instead obliquely stating that he "does not further contend that diversity jurisdiction is established in this action" and "will not submit additional domicile evidence or seek further jurisdictional discovery for the purpose of attempting to establish diversity jurisdiction in this Court." SMJ Mot. at 2. He further states that he "is not advancing a new jurisdictional theory." *Id.* Of course, this is patently untrue, as from the moment this action was filed to the March 6, 2026, hearing on Mr. Ross's anti–SLAPP motion Mr. Witt has consistently maintained that diversity jurisdiction was established, including in the SAC, which he signed. Mr. Witt argues that he "is not an attorney, did not formulate the diversity-jurisdiction theory asserted at filing, and relied in good faith on [his previous] counsel's legal judgment that this action could proceed in

United States District Court
Northern District of California

this Court." SMJ Mot. at 1. That said, Mr. Witt has been on notice as to this issue at least since June 4, 2025, when he moved for sanctions against Mr. Ross's attorney for advising his Mr. Witt's previous counsel that he had represented himself as a California resident in California state courts, which Mr. Witt alleged "sought to exploit and distort jurisdictional and procedural facts in order to pressure [his attorney] into withdrawing." ECF No. 35 at 2.

In opposing Mr. Witt's dismissal motion, Mr. Ross argues that "[t]he clear purpose of the request for dismissal is to attempt to avoid attorney's fees being awarded against him and retain the right [to] re-file another frivolous action in state court." SMJ Opp. at 2. Mr. Witt confusingly responds that this sequence of events is "not bad faith by Plaintiff" but rather the "direct consequence of Defendants' own litigation choices." SMJ Reply at 3.[2] The Court admonishes both Parties that Mr. Witt's subjective intentions in moving to dismiss the action this stage are totally irrelevant to the narrow issue whether the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. That said, the Court agrees with Mr. Ross that there is no evidence at all "that would tend to indicate that Mr. Witt does not reside in Nevada" and, to the contrary, numerous sworn statements show the opposite. Given Mr. Witt's representation that he "will not submit additional domicile evidence," SMJ Reply at 2, the only evidence before the Court supports the conclusion that it possesses jurisdiction over this action.

Based on Mr. Witt's consistent representations that he lives in Nevada, including in documents bearing his signature and in front of the Court just last month, the Court takes Mr. Witt at his word that he is a citizen of Nevada and that complete diversity of the Parties exists. The Court accordingly DENIES Mr. Witt's motion to dismiss for lack of subject-matter jurisdiction.

**B. Anti–SLAPP Motion**

Mr. Ross submits that Mr. Witt's amendments fail to cure the deficiencies indicated in the

---

[2] Mr. Witt also appears to renew his nonsensical request for sanctions against counsel for Mr. Ross—in addition to requesting that Mr. Ross's opposition brief be sealed, stating that "[t]o the extent any argument herein is treated as . . . a request for ancillary relief, Plaintiff intends it to be considered in that capacity." SMJ Reply at 1. Regardless of what Mr. Witt "intends," the Court limits its consideration to matters properly raised before it and admonishes Mr. Witt that, to the extent that he seeks affirmative relief, any such request must be made in a separate motion and not in a reply brief directed to his request for dismissal of this action.

United States District Court
Northern District of California

United States District Court
Northern District of California

Court's prior order and that each of the three claims remains subject to dismissal under California's anti–SLAPP statute. As a threshold issue, Mr. Witt renews his spurious assertion that Mr. Ross's motion is procedurally improper because it was filed by defense counsel Gordon Finwall while Mr. Witt's (second) disqualification motion was pending. Opp. at 5–8. Again, the Court is unpersuaded—Mr. Witt's repeated attempts to recharacterize normal tasks carried out by Mr. Finwall in his capacity as an attorney as litigation misconduct remain as unpersuasive as ever.

Proceeding to the anti–SLAPP analysis, at step one, Mr. Ross argues that each of the claims arises out of activities "in furtherance of [Mr. Ross's] right to petition[] and have been held subject to California's anti–SLAPP statute," namely, the alleged "false TRO [request]," "false police report," and "false DA referral." Mot. at 7. Mr. Witt responds that the motion improperly treats all "court-related activity as categorically privileged" but that on the contrary, "[c]riminal assault, vehicular assault, retaliatory and knowingly false [TRO requests], and malicious prosecution are not protected 'petitioning' activity." Opp. at 2.

At step two, Mr. Ross argues that each of the claims remain legally insufficient and that Mr. Witt fails to establish a reasonable probability of prevailing on the merits. Mot. at 9. Mr. Witt responds that the claims set forth in the SAC are sufficient to meet his burden of showing a probability of success on the merits and also attaches the following four exhibits to his brief: (A) "Criminal Case Record"; (B) "Photograph of Sherry Ross Intentionally Striking Plaintiff With a Vehicle"; (3) "Selected Pages from Patrick Ross's CH-100 Cross-Petition and Plaintiff's Demonstrative Identifying Material False Statements"; (D) "Log of 182 Temporary Restraining Order Violations by Patrick and Sherry Ross." Opp. at 3.

### 1. Step One: Protected Activity

At step one, the defendant must demonstrate that the plaintiff's cause of action arises from protected activity. "[T]he statutory phrase 'cause of action . . . arising from' means simply that the defendant's act underlying the plaintiff's cause of action must itself have been an act in furtherance of the right of petition or free speech." *City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (2002). "[T]he critical point is whether the plaintiff's cause of action itself was based on an act in furtherance of the defendant's right of petition or free speech." *Id.* To determine the basis of the

United States District Court
Northern District of California

plaintiff's cause of action, the Court considers the elements of the claim and the actions by the defendant alleged to supply those elements. *Park*, 2 Cal. 5th at 1063. The defendant bears the burden of demonstrating that the protected activity supplies the elements of the plaintiff's cause of action. *Rand Resources, LLC v. City of Carson*, 6 Cal. 5th 610, 621 (2019). The defendant further bears the burden of demonstrating that its activity was protected by fitting its actions into one or more of the four categories spelled out in the anti–SLAPP statute, *see Wilson*, 7 Cal. 5th at 884, which as relevant here include "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law" or "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." Cal. Civ. Pro. Code § 425.16(e)(1), (2).

The Court previously determined that each of the claims stated in the FAC arose out of activity protected under the anti–SLAPP statute. The Court first explained that there was a "one-to-one relationship between the elements of Plaintiff's three claims and Defendants' cross-request for a TRO." Prior Order at 5. Turning to whether the TRO request was protected, the Court held that it was "indisputably a 'writing made in connection with an issue under consideration or review by a . . . judicial body,'" and that, contrary to Mr. Witt's suggestion otherwise, there was absolutely no indication that the request was the product of conduct that was "illegal as a matter of law." Prior Order at 6–7 (alteration in original) (first quoting Cal. Code Civ. Pro. § 425.16(e)(2); then citing *Flatley*, 39 Cal. 4th at 320). Turning to the SAC, the Court concludes that these same defects are present. *See Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115 (1999). And, to the extent that Mr. Witt argues that the three claims arise out of the alleged false police report and DA referral, those activities, too, would constitute protected activity under the anti–SLAPP statute.

In determining whether a claim arises from protected activity, California courts look to "[t]he allegedly wrongful and injury-producing conduct . . . that provides the foundation for the claim." *Hunter v. CBS Broadcasting Inc.*, 221 Cal. App. 4th 1510, 1520 (2013) (alterations in original) (internal quotation marks and citation omitted). The Parties do not dispute that the

9

claims in the SAC arise from Defendants' TRO request (as alleged in the FAC), as well as the Mr. Ross's alleged police report and violations of the terms of his TRO and Ms. Trask's alleged false DA referral. *Compare* Mot. at 7–9, *with* Opp. at 9. Each of these activities has repeatedly been found to be in furtherance of a party's right to petition and hence protected by the anti–SLAPP statute. *See, e.g.*, *Kenne v. Stennis*, 230 Cal. App. 4th 953, 966 (2014) ("There is no question that the filing of a civil harassment petition constitutes protected activity."); *Comstock v. Aber*, 212 Cal. App. 4th 931, 941 (2012) ("The law is that communications to the police are within SLAPP."); *Schaffer v. City & Cnty. of San Francisco*, 168 Cal. App. 4th 992, 999 (2008) ("[A] memorandum to the district attorney asserting . . . crimes . . . . [was a] 'written statement[] made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law.'" (quoting Cal. Code Civ. Pro. § 425.16(e)(2)).

In urging that Mr. Ross's activities were not protected, Mr. Witt simply repackages his original argument, based on the California Supreme Court's decision in *Flatley*, that petitioning activity based on "a pattern or retaliation or knowing falsity [sic]" is not protected. Opp. at 10. To begin with, the rule announced in *Flatley* is not nearly as broad as Mr. Witt contends that it is, applying only in the narrow circumstances where "the defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter of law." *Flatley*, 39 Cal. 4th at 320; *accord Collier v. Harris*, 240 Cal. App. 4th 41, 56 (2015) (explaining that *Flatley* provides "a narrow exception [that] applies only when the defendant's conduct is illegal as a matter of law, not merely alleged to be illegal"). To be clear, the activity found not to be protected in *Flatley* involved "threats to publicly accuse [plaintiff] of rape and to report and publicly accuse him of other unspecified violations of various laws unless he 'settled' by paying . . . . 'seven figures' or, at a minimum, $1 million." 39 Cal. 4th at 329. There is nothing in the record that even remotely approaches this level of brazen, flagrant illegality—Mr. Witt's apparent disagreement with the positions taken by Mr. Ross in state court does not make them illegal. Nor is there any indication that Defendants knowingly made false statements to the police or other law enforcement officials.

### 2. Step Two: Probability of Success

To prevail at the second step in adjudicating an anti–SLAPP motion, a plaintiff must "demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Browne v. McCain*, 611 F. Supp. 2d 1062, 1069 (C.D. Cal. 2009); *accord Woloszynska v. Netflix, Inc.*, No. 23-cv-00636-BLF, 2023 WL 7166828, at *4 (N.D. Cal. Oct. 30, 2023). "In assessing the probability of prevailing, a court looks to the evidence that would be presented at trial, similar to reviewing a motion for summary judgment; a plaintiff cannot simply rely on its pleadings, even if verified, but must adduce competent, admissible evidence." *Roberts v. Los Angeles Cnty. Bar Assn.*, 105 Cal. App. 4th 604, 613–14 (2003).

The Court previously held that Mr. Witt's claims were barred as a matter of law, explaining that California courts dismiss malicious prosecution claims based on unsuccessful TRO requests under section 527.6 and that Mr. Witt's IIED and abuse of process claims are barred by California's litigation privilege. Prior Order at 8 (citing *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006); *Siam v. Kizilbash*, 130 Cal. App. 4th 1563, 1569–70 (2005)). The Court agrees with Mr. Ross that the SAC fares no better. Mr. Witt's assertions that the exhibits attached to his opposition brief purportedly showing wrongdoing by Mr. Ross simply do not change the reality that the claims are barred as a matter of law and subject to dismissal.

To the extent that Mr. Witt alleges malicious prosecution based on the alleged police call and DA referral, Mr. Witt has failed to submit any evidence that the allegations in the SAC are legally sufficient, since there are no facts showing that the call to the police was made without probable cause or with malice, and Mr. Witt's own Exhibit I shows that the referral to the DA came from a state court, not Mr. Ross. Mr. Witt's remaining two claims remain barred by the litigation privilege, which is a substantive defense a plaintiff must overcome to demonstrate a probability of prevailing for any claim other than malicious prosecution and applies to any communication made in judicial or quasi-judicial proceedings by litigants or other participants authorized by law to achieve the objects of litigation that have some connection to the underlying action. *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990); *see also Contreras v. Dowling*,

11

5 Cal. App. 5th 394, 415 (2016).  The SAC does not allege that Mr. Ross made the referral to the DA, and the call to the police as alleged in the SAC is plainly communicative in nature and part of the process of the underlying action.  *See Rusheen*, 37 Cal. 4th at 1058.

The Court concludes that Mr. Witt has not even made a minimal showing that his claims are anything less than frivolous.  The Court previously granted leave to amend in recognition of the federal rules' "policy favoring liberal amendment."  Prior Order at 9 (quoting *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004)).  Further amendment would be futile and accordingly the Court GRANTS the motion to strike WITHOUT LEAVE TO AMEND.

Under California law, attorneys' fees are mandatory for a prevailing defendant.  *See* Cal. Code Civ. Pro. § 425.16(c)(1).  Mr. Ross's request for attorneys' fees is GRANTED.  Mr. Ross has filed supplemental briefs requesting a total sum of $67,515.00  *See* ECF Nos. 118, 127.  The Court will give Mr. Witt an opportunity to respond to this figure before a final award of attorneys' fees.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Mr. Witt's "motion to dismiss" is DENIED.

(2) Mr. Ross's anti–SLAPP motion is GRANTED.  Each claim against Mr. Ross is DISMISSED WITH PREJUDICE.

(3) Mr. Witt SHALL respond to Mr. Ross's supplemental brief for attorneys' fees within fourteen days of the date of this order.  Mr. Ross may file a reply within seven days of service of Mr. Witt's response.  Mr. Ross will be terminated as a party once Mr. Ross's costs have been awarded.

(4) This order terminates ECF No. 88 and ECF No. 120.

Dated:  April 6, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

12