**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JEREMY WITT,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICK ROSS, et al.,<br><br>    Defendants. | Case No.  5:25-cv-02776-BLF<br><br>**ORDER DENYING MOTION FOR JUDGMENT OF PARTIAL FINDINGS AS TO PATRICK ROSS**<br><br>[Re: ECF No. 132] |

The Court granted Defendant Patrick Ross's special motion to strike pro se Plaintiff Jeremy Witt's second amended claim and dismissed claims against Mr. Ross with prejudice, ECF No. 129, after which Mr. Witt moved for judgment on partial findings as to Mr. Ross. ECF No. 132 ("Mot."); ECF No. 138 ("Reply").  Mr. Ross opposes the motion. ECF No. 133 ("Opp.").

As relevant here, Federal Rule of Civil Procedure 54(b) provides that "[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."  Separate judgments for less than all parties or less than all claims must be reserved for the unusual case in which the costs and risks of multiplying number of proceedings and of overcrowding the appellate dockets are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

The moving papers make clear that reason for the motion is simply that Mr. Witt wishes to immediately appeal the Court's dismissal of the claims against Mr. Ross.  The Court disagrees with Mr. Witt's suggestion that "[t]his case . . . presents an unusual posture" because he "did not

devise the federal diversity theory." Mot. at 3. On the contrary, what is unusual is the volume of (likely artificial intelligence-generated) frivolous filings submitted by Mr. Witt in this case. There is just cause for delaying the appeal of the claims against Mr. Ross until the Court adjudicates the remaining claims in this case. *See Turner v. Ramada By Wyndham Sunnyvale/Silicon Valley*, No 25-cv-05154-BLF, 2026 WL 898276, at *1 (N.D. Cal. Apr. 1, 2026).

The motion is accordingly DENIED. The Court notes, however, that Defendant Margaret Trask, an attorney representing herself, has not responded to Mr. Witt's second amended complaint, and that, if Ms. Trask has been properly served, then Mr. Witt may request that the Clerk of Court enter default against Ms. Trask pursuant to Federal Rule of Civil Procedure 55(a).

**IT IS SO ORDERED.**

Dated: April 27, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

2