**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JEREMY WITT,

Plaintiff,

v.

PATRICK ROSS, et al.,

Defendants.

Case No.  5:25-cv-02776-BLF

**ORDER OF ATTORNEYS' FEES**

Before the Court is Defendant Patrick Ross's request for attorneys' fees incurred in connection with his success motions to strike pro se Plaintiff Jeremy Witt's first amended complaint ("FAC") and second amended complaint ("SAC") pursuant to California's anti–SLAPP statute.[1]

Mr. Witt filed the FAC on May 5, 2025.  ECF No. 11.  On October 20, 2025, the Court granted Mr. Ross's anti–SLAPP motion and dismissed all three of Mr. Witt's claims with leave to amend.  ECF No. 74.  Mr. Witt filed the SAC on November 3, 2025.  ECF No. 79.  At the initial case management conference held November 6, 2025, Gordon Finwall (counsel for Mr. Ross) indicated that Mr. Ross intended to move to strike the SAC, and the Court advised Mr. Witt that, under California law, attorneys' fees are mandatory to the prevailing party on an anti–SLAPP motion.  ECF No. 81.  Mr. Witt nonetheless expressed confidence in the SAC, and Mr. Ross subsequently filed a second anti–SLAPP motion.  ECF No. 88.

---

[1] "SLAPP is an acronym for 'strategic lawsuit against public participation.'"  *Oasis West Realty, LLC v. Goldma*n, 51 Cal. 4th 811, 815 n.1 (2011).  Section 425.16(b)(1) of the California Code of Civil Procedure provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech . . . in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

On March 5, 2026, the Court heard oral argument on the anti–SLAPP motion, at which time it indicated that it was inclined to grant the motion. ECF No. 116; *see also* ECF No. 121 ("Tr.") at 24:12–15. The Court also had a colloquy with Mr. Witt based on Mr. Witt's allegedly conflicting representations in federal and state court regarding his domicile, during which Mr. Witt represented that he is a citizen of Nevada. Tr. at 12:7–25. A week after the hearing, Mr. Witt filed a "motion to dismiss" his own complaint with leave to amend, stating that he "does not further contend that diversity jurisdiction is established in this case" and "will not submit additional domicile evidence." ECF No. 120.

On April 6, 2026, the Court granted Mr. Ross's second anti–SLAPP motion and denied Mr. Witt's motion, on the ground that Mr. Witt has filed documents bearing his signature averring that he is a citizen of Nevada (and hence that there is complete diversity in this action against two California citizens). ECF No. 129 ("Order") at 7. The Court also indicated that Mr. Ross was the prevailing party and would be entitled to an award of mandatory attorneys' fees. *Id.* at 12. Mr. Witt subsequently filed a motion for entry of partial judgment, ECF No. 132, which the Court denied, ECF No. 139.

Over the course of this litigation, Mr. Ross has filed four declarations prepared by Mr. Finwall, each of which includes billing statements for work prepared in connection with the two anti–SLAPP motions. ECF No. 118 ("First Decl."); ECF No. 127 ("Second Decl."); ECF No. 134 ("Third Decl."); ECF No. 137 ("Fourth Decl."). Mr. Ross requests an award of $73,920.00 in attorneys' fees. Fourth Decl. ¶ 7. Mr. Witt filed an opposition brief, and Mr. Ross filed a reply brief. ECF No. 135 ("Opp."); ECF No. 136 ("Reply").

## I.  LEGAL STANDARD

"[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses,* 24 Cal. 4th 1122, 1131 (2001). "The defendant may recover fees and costs only for the motion to strike, not the entire litigation." *Christian Rsch. Inst. v. Alnor,* 165 Cal. App. 4th 1315, 1320 (2008). "The Court will deny fees that are not unambiguously associated with the anti-SLAPP motion and associated motion for fees." *Blackburn v. ABC Legal Servs., Inc.*, No. 11-cv-01298-JSW-NC, 2012 WL 1067632, at *4

(N.D. Cal. Feb. 24, 2012), *report and recommendation adopted,* 2012 WL 1067551 (N.D. Cal. Mar. 28, 2012).

An award of attorneys' fees under section 425.16(c)(1) must be reasonable. *March v. Twin Cities Police Auth.*, No. 14-cv-00512-SI, 2014 WL 3828172, at *1 (N.D. Cal. Aug. 4, 2014). A court assessing attorney fees begins with a touchstone or lodestar figure, "calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir. 1996). "In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210–11 (9th Cir. 1986). The relevant community is typically the "forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir. 2008).

"As the moving party, the prevailing defendant seeking fees and costs bear[s] the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. To that end, the court may require [a] defendant[] to produce records sufficient to provide a proper basis for determining how much time was spent on particular claims." *March*, 2014 WL 3828172 (alterations in original) (quoting *Christian Rsch. Inst.,* 165 Cal. App. 4th at 1320). In determining a reasonable amount of time spent, the Court should only award fees based on "the number of hours reasonably expended on the litigation" and exclude "hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 433–34 (1983). "There is no precise rule or formula for making these determinations[,]" and the district court "necessarily has discretion in making this equitable judgment." *Id.* at 436–37.

## II.    DISCUSSION

As the prevailing party in his two anti–SLAPP motions, Mr. Ross is entitled to a mandatory award of reasonable attorneys' fees. *See, e.g.*, *City of Los Angeles v. Animal Def. League,* 135 Cal. App. 4th 606, 627 (2006). Each of Mr. Finwall's supplemental declarations includes billing statements that he has prepared. "Th[ese] billing statement[s] [are] sufficient

United States District Court
Northern District of California

United States District Court
Northern District of California

evidence to provide a proper basis for the Court to determine a reasonable amount of attorney's fees to award." *March*, 2014 WL 3828172, at *2.[2]

Mr. Finwall graduated from Santa Clara School of Law in 1989, following some time at a law firm, has been practicing as a solo practitioner in San Jose for the last twenty-six years. First Decl. ¶ 3. He is a general civil litigation attorney "with an emphasis in business and real estate litigation" and has "filed and defended several anti–SLAPP motions." *Id.* ¶¶ 3–4. His hourly rate throughout the handling of this case has been $525. *Id.* ¶ 7. Over the period of June 2025 to April 2026, Mr. Finwall states that he has billed 140.8 hours in connection with the two anti–SLAPP motions, for a lodestar of $73,920. These include 55.2 hours preparing and arguing the first anti–SLAPP motion and 55.2 hours preparing and arguing the second anti–SLAPP motion (*see* First Decl. ¶ 11), 18.2 hours responding to Mr. Witt's motion to dismiss (*see* Second Decl. ¶ 9), 6.6 hours responding to Mr. Witt's motion for entry of partial judgment (*see* Third Decl. ¶ 5), and 5.6 hours responding to Mr. Witt's opposition to Mr. Ross's request for attorneys' fees (*see* Fourth Decl. ¶ 6).

Mr. Finwall's hourly rate is well within the prevailing market rate in the Bay Area for an attorney with more than thirty years of experience. *See, e.g., Minichino v. First California Realty,* No. 11-cv-05185-EMC, 2012 WL 6554401, at *7 (N.D. Cal. Dec. 14, 2012) (awarding an hourly rate of $555 for attorney with fourteen years of experience and finding that the rate fell within the range of other recent fee awards in 2012). Based upon the Court's familiarity with reasonable rates awarded to attorneys with similar experience and skills, the Court finds Mr. Finwall's requested rate to be reasonable.

Next, the Court has evaluated whether the hours expended are reasonable. The Court concludes that Mr. Finwall's request for 55.2 hours per motion is excessive and not warranted. In his declaration accompanying the second anti–SLAPP motion, Mr. Finwall stated that he "devoted

---

[2] As a threshold matter, Mr. Witt contends that the Court should hold a limited evidentiary hearing or order additional production of documents, renewing his baseless assertion—repeated throughout this litigation—that Mr. Finwall himself has been untruthful to the Court. Opp. at 14–16. This the Court declines to do. As Mr. Witt acknowledges, he has "repeatedly challenged defense counsel's reliability in this action." *Id.* Not once has he adduced a shred of evidence substantiating his audacious claims of fraud on the Court.

United States District Court
Northern District of California

more than 43. 7 hours toward preparation" of the first anti–SLAPP motion.  ECF No. 88-2 ¶ 14. That number of hours is reasonable based on the research and brief writing necessary to submit the matter.  The Court will grant attorneys' fees for 43.7 hours in connection with the first motion. Mr. Witt's point that the "second anti–SLAPP motion pursued the same three core causes of action" and was "substantially derivative of the first" is well-taken.  Opp. at 10.  That said, preparing for the second anti–SLAPP motion required Mr. Finwall to respond to the over two hundred pages in attached exhibits Mr. Witt included with the SAC accusing his client of "perjury," "fraud," and "extortion."  *See* Order at 3.

Based on the billing statement attached to the First Declaration, it appears that Mr. Finwall spent 16. 4 hours in researching the second anti–SLAPP motion and 23.3 hours in writing the motion and reply briefs.  First Decl. Ex. A.  Based on the overlapping legal issues, the Court reduces the hours awarded for research by 8 hours.  Based on the overlapping legal issues and brevity of the briefs (with the opening brief being 13 pages and the reply brief being 8 pages), the Court reduces the hours awarded for writing by 12 hours.  Deducting 20 hours from the requested 55.2 hours, the Court awards 35.2 hours for the second anti–SLAPP motion.

The Court finds that 43.7 hours for the first motion and 35.2 hours for the second motion were reasonable.  *See, e.g.*, *League of United Latin Am. Citizens Inc v. Eureste,* No. 13-cv-04725-JSC, 2014 WL 5473560, at *2 (N.D. Cal. Oct. 28, 2014) (32.5 hours in connection with anti–SLAPP motion was reasonable).  The Court further finds that the 5.6 hours spent responding to Mr. Witt's opposition to attorneys' fees was reasonable.

The Court declines, however, to award attorneys' fees for any of the remaining tasks identified by Mr. Finwall's second and third declarations.  While it is certainly *plausible*, as Mr. Ross suggests, that Mr. Witt filed the motion to dismiss to avoid paying attorneys' fees (and hence that time spent opposing that motion were sufficiently related to enforcing Mr. Ross's entitlement to mandatory attorneys' fees),  *see* Reply at 3, subject-matter jurisdiction may be challenged at any time.  Mr. Witt's motion for partial entry of judgment is wholly separate from attorneys' fees and is not compensable,  Mr. Ross tenuously suggests that "Mr. Witt requested entry of judgment based on the order granting the special motion to dismiss," *id.* at 3, but it does

not follow that responding to the motion was "unambiguously associated with the anti-SLAPP motion and associated motion for fees." *Blackburn*, 2012 WL 1067632, at *4.

The Court will award attorneys' fees at an hourly rate of $525 for 84.5 hours—43.7 hours preparing the first anti–SLAPP motion, 35.2 hours preparing the second anti–SLAPP motion, and 5.6 hours replying to Mr. Witt's opposition brief—for a total lodestar of $44,362.50. In California, "the lodestar is the basic fee for comparable legal services in the community." *Ketchum,* 24 Cal. 4th at 1132. A court may adjust the lodestar "based on factors including . . . (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Id.* The Court does not find it necessary or appropriate to adjust the lodestar in the present matter.

### III. ORDER

Mr. Ross is AWARDED $44,362.50 in attorneys' fees.

**IT IS SO ORDERED.**

Dated: May 4, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

6