**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JEREMY WITT,

               Plaintiff,

     v.

PATRICK ROSS, et al.,

               Defendants.

Case No.  5:25-cv-02776-BLF

**ORDER DENYING MOTION TO STAY**

[Re: ECF No. 146]

Pro se Plaintiff Jeremy Witt has filed a "motion to stay enforcement of attorney-fee award pending final judgment and appeal."  ECF No. 146 ("Mot."); ECF No. 149 ("Reply").  Defendant Patrick Ross opposes the motion.  ECF No. 148 ("Opp.").

The Court has not entered judgment in this action because Mr. Witt's claims against pro se Defendant Margaret Trask have not been resolved.  The Parties nonetheless treat Mr. Witt's motion as being made under ,Federal Rule of Civil Procedure 62, which governs of enforcement of judgment:

> (a) Automatic Stay. Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise.
> (b) Stay by Bond or Other Security. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(a), (b).  "District courts have inherent discretionary authority in setting supersedeas bonds[.] . . .  The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution."  *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).

United States District Court
Northern District of California

Mr. Witt requests that "the Court prevent immediate enforcement of a contested, nonfinal fee award before Plaintiff can obtain appellate review" to "preserve the status quo, protect appellate rights, [and] avoid irreparable harm, [without] caus[ing] . . . substantial prejudice to Ross." Mot. at 10. Mr. Witt urges that the Court should grant the stay "because enforcement is premature while final judgment, appealability, subject-matter jurisdiction, the validity of the anti-SLAPP ruling, and the fee award itself remain disputed." Reply at 1. That argument boils down to Mr. Witt's disagreement with the Court's rulings as to his claims against Mr. Ross; Mr. Witt's moving papers do not state a ground for the extraordinary relief requested.

The motion is DENIED. Mr. Witt is discouraged from filing additional frivolous, AI-generated administrative motions.

**IT IS SO ORDERED.**

Dated: June 25, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

2