**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JEREMY WITT,

              Plaintiff,

     v.

PATRICK ROSS, et al.,

              Defendants.

Case No.  5:25-cv-02776-BLF

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT**

[Re: ECF Nos. 148, 151]

Defendant Katherine Trask, an attorney representing herself pro se, requests that the Court set aside the Clerk's entry of default against her, entered April 30, 2026.  ECF No. 148 ("Mot."); ECF No. 153 ("Reply").  Pro se Plaintiff Jeremy Witt opposes the motion and moves for default judgment.  ECF No. 152 ("Opp."); *see also* ECF No. 151 (motion for default judgment).  Ms. Trask's motion to set aside default is GRANTED.  Mr. Witt's motion is DENIED.

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." Good cause is established when the defendant demonstrates that (1) the default was not the result of culpable conduct, (2) the defendant has a meritorious defense, and (3) setting aside the default would not result in prejudice to the plaintiff.  *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001).  Although the same test governs motions to set aside entry of default and motions for relief from final default judgment under Federal Rule of Civil Procedure 60, the test is "more liberally applied in the Rule 55(c) context."  *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010).

Ms. Trask has demonstrated good cause.  First, as here, "where 'a defendant's conduct was not culpable, then her failure to respond to a lawsuit is ordinarily excusable.'"  *Hartman v. George*, No. 25-cv-09816-BLF, 2026 WL 772009, at *1 (N.D. Cal. Mar. 18, 2026) (internal

United States District Court
Northern District of California

United States District Court
Northern District of California

quotation marks omitted) (quoting *Maciel Builders LLC v. US Framing Int'l LLC*, No. 19-cv-03660-BLF, 2020 WL 553942, at \*2 (N.D. Cal. Feb. 4, 2020)).  Ms. Trask explains that she "did not realize in time that she would either need to join her Co-Defendant's Motion or her file her own new Anti-SLAPP motion" and instead "mistakenly assumed . . . the Second Amended Complaint could be disposed of based on the existing briefing."  Mot. at 5.  While Ms. Trask acknowledges that her assumption was simply incorrect, her mistake was not culpable, and there is no indication that she has acted in bad faith.

Second, the Court concludes that Ms. Trask's defense that Mr. Witt's claims are barred by California's anti-SLAPP statute and fail to state a claim clears the "minimal" burden in establishing a meritorious defense.  *Mesle*, 615 F.3d at 1094.  Third, the Court finds no prejudice to Mr. Witt from setting aside the default beyond having to respond to Ms. Trask's motion, which she anticipates "will be largely similar to that already filed by her co-defendant."  Mot. at 7. Mr. Witt's complaint of "unequal treatment" that he has not "received procedural leniency" because the Court denied his "motion for leave to conduct limited discovery," "motion for leave to file materials for in camera review," "motion for leave to seek reconsideration of the order denying disqualification," "motion to stay enforcement of the attorney-fee award," and "renewed motion to stay enforcement of the attorney-fee award," Opp. at 7, is unpersuasive.  The fact that Mr. Witt's frivolous motions have been denied is not prejudicial to Mr. Witt because he was not denied any relief from the Court that he was otherwise entitled to.

IT IS HEREBY ORDERED THAT:

(1) Ms. Trask's motion to set aside default is GRANTED.  Mr. Witt's motion for default judgment is DENIED.

(2) Ms. Trask SHALL file a responsive motion or answer within twenty-one days of the date of this order.

**IT IS SO ORDERED.**

Dated:  July 9, 2026

BETH LABSON FREEMAN
United States District Judge

2